## Sawyer *v.* Pittsburg, Appellant.

*Municipalities—Municipal contracts—Bidding—Fraud.*

A court of equity will not enjoin the carrying out of a municipal contract merely because the highest of the three bidders was a subsidiary company of the successful bidder, where there is no fraud shown, and the only evidence of the fact alleged was the testimony of one witness based upon hearsay.

The mere fact that a company is called "subsidiary" to another company, and that it is controlled by the same interest, does not in itself show fraud, where both companies are bidders for a municipal contract.

Fraud is never presumed, and suspicion is not proof, nor is opportunity guilt.

Argued Nov. 1, 1906. Appeal, No. 186, Oct. T., 1906, by Welsbach Street Lighting Company of America, from decree of C. P. No. 1, Allegheny Co., June T., 1906, No. 149, on bill in equity in case of Harry C. Sawyer and E. H. Stoner v. City of Pittsburg, William B. Hays, Mayor of City of Pittsburg, and E. M. Bigelow, Director of the Department of Public Works of said City of Pittsburg, and Welsbach Street Lighting Company of America, a corporation of the state of Illinois. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Bill in equity for an injunction.
The opinion of the Supreme Court states the case.

*Error assigned* was decree awarding an injunction.

*Charles E. Morgan* and *Alex. A. Patterson,* of *Lyon, McKee & Mitchell,* with them *Joseph M. Swearingen* and *Wm. Findlay Brown,* for appellant.—The court is not bound by the finding of fact of the court below : Semple's Est., 189 Pa. 385; Brown's Est., 210 Pa. 493 ; McConomy v. Reed, 152 Pa. 42 ; Grauel v. Wolfe, 185 Pa. 83 ; Lancaster v. Flowers, 198 Pa. 614.

Even if it be true that the Sun Vapor Company is subsidiary to, and controlled by, the Welsbach company, the court is not

warranted in concluding that the contract, between the latter and the city of Pittsburg, is void: Potts v. Philadelphia, 195 Pa. 619.

*George R. Wallace*, with him *Thomas Watson*, for appellee.— The bid was fraudulent: Hoffman v. McMullen, 28 U. S. C. C. A. 178 (83 Fed. Repr. 372); Hannah v. Fife, 27 Mich. 172; Gibbs v. Smith, 115 Mass. 592; Curtis v. Aspinwall, 114 Mass. 187; Atcheson v. Mallon, 43 N. Y. 147; Doolin v. Ward, 6 Johns. 194; Wilbur v. How, 8 Johns. 444; Thompson v. Davies, 13 Johns. 112; Hunter v. Pfeiffer et al., 108 Ind. 197 (9 N. E. Repr. 124).

OPINION BY MR. CHIEF JUSTICE MITCHELL, January 7, 1907:

This was a taxpayer's bill to enjoin the municipal authorities of the city of Pittsburg from carrying out a contract for lighting the streets of that city. The basis of the bill was fraud, charged in every detail that the ingenuity of suspicion could suggest, including, inter alia, that the ordinance under which the contract was made was illegal and void, that the specifications advertised for the work to be done were made so vague, indefinite, uncertain and illegal that it was impossible for a prospective bidder to form an accurate idea of what would or might be required of him, and therefore free and open competitive bidding was rendered impossible. The particulars of these defects in the specifications were set forth in detail in separate paragraphs of the bill. As, however, the learned court below found that none of these allegations were true, it is unnecessary to do more than to refer to them in this general way to show the nature of the controversy.

The bill then set out that when the bids were opened there was one by the Welsbach company at $27.50 per light, one by the Cleveland Vapor Light Company for $25.50 per light and one by the Sun Light Company at $28.50 per light, and the contract was awarded to the Welsbach company. It then averred that there was collusion with reference to said specifications and bids and the award to the Welsbach company; that the collusion was evidenced not only by the specifications themselves, which were so drawn as to discourage bidders, but also by the fact that the bid of the Sun Light Company of

$28.50 was a collusive bid, the said company being in fact a subsidiary company of the Welsbach company and controlled by it; that the said bid was evidently made for the purpose of producing the impression that there was competition and that the contract was not let to the highest bidder. A further evidence of collusion was averred in the matter of the bid of the American Street Lighting Company of Baltimore which did not arrive in time to be considered. But the court found against this charge, and also found that the contract was let to the Welsbach company as the lowest responsible bidder, and " there was no sufficient evidence that it was not such."

The court did find, however, that the contract was void, and the bid of the Welsbach company was collusive because the higher bid was by the Sun Light Company, a " subsidiary " company, and under the control of the Welsbach. The whole case turns on this finding, and the most searching examination fails to show that it has any substantial basis to rest upon. It is said by the court below " the only testimony upon the subject was that of Mr. Newbold." His testimony thus referred to was as follows: " Q. Isn't it a fact, Mr. Newbold, that practically competition for street lighting and contracts such as is let by the city of Pittsburg, is limited to the Welsbach company, the Cleveland company and your company? A. Yes, I think that is so. Q. So that when those three bidders bid, you could not look for much competition outside? A. No, sir, I do not think you can. Q. Either heretofore or the present time? A. I will say at the present time."

By Mr. Wallace:

" Q. What do you mean by saying that there are only three competitors, when you mentioned the Pennsylvania Globe and Sun Light Company as other companies in this business? A. We understand that the Pennsylvania Globe, the Sun company and the New York and New Jersey Gas Light Company are really companies that are subsidiary to the Welsbach company, controlled by the same interests."

The whole case rests upon that testimony. The witness was the secretary of The American Street Lighting Company, the rival company whose bid failed to get in soon enough, and he was not only not shown to have any competent knowledge of the facts as to the Sun Light Company, but it affirm-

atively appeared that he had not. In another part of his testimony he was asked : " Q. Do you know anything about the Sun Light Company ?   A. Only from hearsay.   Q. Do you know anything about its relation to the Welsbach Street Lighting Company of America ?   A. I have heard it was a subsidiary company."

But assuming that the witness had knowledge and that what he testified to was true, the fact that there were only three companies who could be considered as active competitive bidders for that work, is not unprecedented, as there are many kinds of large business undertakings in which the field of competition is necessarily limited. Nor do calling a company " subsidiary " and the fact that it is controlled by the same interests show fraud : Potts v. Philadelphia, 195 Pa. 619, (632, 633).

There was no question in the case as to the weight of a responsive answer, or whether it was overcome by testimony of the witness Newbold brought out by appellant itself. The case never got that far. If there had been no answer at all the complainant's case would have failed for want of evidence. Fraud is never presumed, and suspicion is not proof nor is opportunity guilt. The case depended on collusion in fact and of that there was no proof at all, nothing but an unwarranted inference from insufficient evidence.

The decree is reversed, the injunction dissolved and the bill dismissed with costs.